# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                         Chapter 11

PGA FLYOVER CORPORATE PARK,                                    Case No. 13-18701-EPK
LLC,[1]

        Debtor.
_____/

## *EX PARTE* MOTION TO COMPEL MEDIATION OF
## MATTERS SET FOR HEARING ON SEPTEMBER 3, 2013

      Debtor and Debtor-in-possession, PGA Flyover Corporate Park, LLC ("**PGA Flyover**"), by and through its undersigned counsel and pursuant to Local Rule 9013-1, hereby seeks, on an *ex parte* basis, to compel an expedited mediation of the matters set for hearing on September 3, 2013, and states in support as follows:

      1.    On August 15, 2013, this Court conducted a status conference on the *Debtor's Amended Chapter 11 Plan of Liquidation* [ECF No. 91] in this case, and also conducted a preliminary hearing on the *Debtor's Emergency Motion of Debtor to Extend Deadline for Payment of Settlement Cash Proceeds Under Settlement Agreement* [ECF No. 144] (the "**Emergency Motion**"). At that time, the parties announced their agreement to continue the hearing for an evidentiary hearing on September 3, 2013, at 9:30 a.m., the purpose of which was to enable the parties to attempt to negotiate in good faith a resolution of the issues presented by the Emergency Motion. BBX agreed to continue the stay in effect in all pending litigation, and the Debtor and Plan Sponsor agreed to continue the 12% interest rate in effect under the

---

[1]     The last four digits of PGA Flyover's taxpayer identification number is 9316 and its address is 3701 Catalfumo Way South, Palm Beach Gardens, FL 33410.

{1785/000/00199574}

Settlement Agreement until the Court rules on the Emergency Motion. BBX agreed and represented that it would have an in-person meeting with the Debtor and the Plan Sponsor, in order to work out a resolution of the issues, and the parties tentatively agreed upon August 21st as a date for a settlement meeting.

2. Notwithstanding the agreements made in Court, and the representations by BBX to the Court as to the purpose of the hearing extension, BBX that same date (afternoon of August 15, 2013) sent undersigned counsel a list of ultimatums that went far beyond the contours of the parties' Settlement Agreement, and demanded the immediate payment of millions of dollars beyond what the Settlement Agreement contemplated. The email said that any settlement proposal from the Debtor and Mr. Catalfumo "must include" these items, failing which BBX was simply going to seek to dismiss the bankruptcy case. BBX's counsel also acknowledged: "My client's desire is to be back in state court and in the Cayman court." The email also stated: "We see no reason to meet or mediate. The attorneys can proceed by email and phone in this matter."

3. The Debtor and Plan Sponsor believe that BBX is not seeking to negotiate in good faith, but used the promise of negotiating as a pretense to buy more time to prepare for an evidentiary hearing on the Emergency Motion, at the expense of the Plan Sponsor, who agreed to continue to pay interest at 12% based upon the promise of good faith negotiations, and based upon the promise of a face-to-face meeting. The Debtor and Plan Sponsor firmly believe and intend that they can and will meet the financial obligations under the Settlement Agreement, provided that they receive some additional time as a result of the circumstances described in the Emergency Motion. Using a skilled mediator as an intermediary, the Debtor and Plan Sponsor will demonstrate how they will accomplish this result.

4. The Debtor believes that good cause exists to compel mediation in this matter, on an expedited basis. Because of the hearing date quickly approaching on September 3, 2013, the Debtor requests that the Court truncate the deadlines in the form "Order of Referral to Mediation," to provide that the mediation be conducted no later than three (3) business days prior to the hearing date, and to require that the parties agree upon a mediator within two days after entry of the order.

5. Undersigned counsel was unable to confer with counsel for BBX prior to the filing of this instant motion since BBX has shut off negotiations. Additionally, undersigned counsel reached out to James F. Carroll last Thursday, August 15, 2013 regarding same, but has not yet received a response.

**WHEREFORE**, PGA Flyover respectfully requests that the Court refer to mediation the issues set for hearing on September 3, 2013, at 9:30 a.m., and granting PGA Flyover such other and further relief as is just and proper.

Dated: August 19, 2013           Respectfully submitted,

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Attorneys for the Debtors
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bshraiberg@sfl-pa.com

By:   /s/ Bradley S. Shraiberg
        Bradley S. Shraiberg, Esq.
        Florida Bar. No. 121622

{1785/000/00199574}                    3

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on this the 19th day of August, 2013.

        **SHRAIBERG, FERRARA & LANDAU, P.A.**
        Attorneys for the Debtors
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: bshraiberg@sfl-pa.com

        By:   /s/ Bradley S. Shraiberg
              Bradley S. Shraiberg, Esq.
              Florida Bar. No. 121622